UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**Conservation Law Foundation**</u>

    **v.**                                        Case No. 06-cv-45-PB
                                                          **Opinion No. 2006 DNH 078**

<u>**US Federal Highway Admin. and**</u>
<u>**NH Dep't of Transportation**</u>

**O R D E R**

    Defendants Federal Highway Administration ("FHWA") and New Hampshire Department of Transportation ("NHDOT") have filed motions to strike Conservation Law Foundation's ("CLF") supplemental record ("SR") documents.[1]  Defendants contend that the SR documents do not meet any of the recognized exceptions to the general rule that the court's review should be limited to the Administrative Record ("AR"), which "consists of all documents

---

[1] CLF has represented that the following documents are already contained in the AR: SR at 242, 250-51, 444-46, 457-58, 459-60, 476-80, 481, 482-87, 515-17, 525.  FHWA does not object to admission of an internal FHWA email dated January 30, 2003 (SR at 250-51) and the draft FHWA white paper (SR at 53-123), both of which were before FHWA at the time of decision.  NHDOT does not object to admission of a letter sent by the Town of Auburn to the NHDOT Commissioner concerning secondary impacts of the project (SR at 248-49).

and materials directly or indirectly considered by the [decision-making] agency."  Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993).  I address defendants' objections to specific documents below.

1. **Currier's Rail Report**

CLF has filed an expert report authored by Richard Currier, entitled "Evaluation of the Restoration of Rail Service on the Manchester and Lawrence Branch In Conjunction with the Widening of the Interstate 93," which was prepared at CLF's request in October 2005.  SR at 606-45.  CLF states that it submitted the report "for the purpose of demonstrating part of the transportation solution for the I-93 corridor."  Mem. of Law in Supp. of Obj. to Defs.' Mot. to Strike at 14.  I agree with defendants that the report should be stricken from the AR because it post-dates the record of decision and thus could not have been considered by FHWA in the decision-making process.  The report merely provides additional evidence to support CLF's contention that passenger rail should have been included in the EIS alternatives analysis, which CLF apparently argued throughout the EIS process.

**2.  Marshall Declaration**

CLF also submits a declaration by Norman L. Marshall as part of its supplemental record evidence.  SR at 911-34.  Marshall's declaration was prepared in May 2006 for the purpose of this litigation.  Defendants argue that the declaration simply rehashes comments by Marshall that are already included in the AR, but CLF counters that the report focuses on NHDOT's May 2005 "I-93 Traffic Sensitivity Analysis," which was not available to the public during the EIS comment period.  CLF also contends that Marshall used the same modeling data employed by NHDOT in preparing his analysis and thus his report does not reflect a battle between experts using competing methodologies.

Because Marshall's declaration appears to come within the exception that expert testimony may be admitted to show inadequacies in the agency's research or analysis, see County of Suffolk v. Secretary of the Interior, 562 F.2d 1368, 1385 (2d Cir. 1977), defendants' motions to strike Marshall's declaration are denied without prejudice.  Defendants may renew their objections to the declaration when summary judgment motions are filed.

### 3. **Correspondence from EPA, NHDES and U.S. Army Corps**

Defendants argue that correspondence[2] within and between the United States Environmental Protection Agency ("EPA"), New Hampshire Department of Environmental Services ("NHDES") and U.S. Army Corps of Engineers should be stricken from the AR because they were not transmitted to FHWA and thus were not considered directly or indirectly in the decision-making process. The documents concern a variety of issues raised by CLF in its complaint, including chlorides pollution, air and water-quality impacts south of the state line, impacts of proposed exit 4A, and rail alternatives.

I agree with defendants that the AR generally should be limited to documents that were before FHWA at the time of decision. Nonetheless, I cannot determine whether supplementation is appropriate here without reviewing the documents in light of CLF's criticisms of the EIS and the record

---

[2] See SR at 243-47, 252-54, 274, 428-36, 440-43, 447-54, 492-514, 518-24, 530, 532, 534-77, 597, 598, 660-65; see also SR at 1000-05 (maps generated by NHDES). NHDOT also objects to several documents that were drafted by EPA and NHDES and purportedly were not submitted to FHWA. See SR at 6-12, 16-52, 457-58, 526-29, 763-66, 767-883, 884-910.

as a whole.[3]  See <u>Valley Citizens for a Safe Environment v. Aldridge</u>, 886 F.2d 458, 460 (1st Cir. 1989) (recognizing circumstances in which supplementation of the AR may be appropriate).  Accordingly, defendants' motions to strike the supplemental documents are denied without prejudice to their renewal at a time when all of the relevant documents can be considered in context.

In summary, defendants' motions to strike CLF's supplemental record documents (Doc. Nos. 20 and 25) are <u>granted</u> as to Richard Currier's expert report and <u>denied</u> without prejudice as to the remaining documents.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 11, 2006

cc:  Counsel of Record

---

[3] The same is true with regard to any other documents in the SR that are not specifically addressed in the defendants' motions.