UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Conservation Law Foundation

    v.                                      Case No. 06-cv-45-PB
                                             **Opinion No. 2006 DNH 090**

US Federal Highway Admin. and
NH Dep't of Transportation


**O R D E R**

Conservation Law Foundation's ("CLF") seeks to supplement the administrative record in this case with an affidavit of William C. Ingham, Jr., a former wildlife ecologist with the New Hampshire Department of Fish & Game ("NHF&G"), and excerpts from the final environmental impact statement ("FEIS") for the expansion of Loon Mountain Ski Area.  Defendants Federal Highway Administration ("FHWA") and New Hampshire Department of Transportation ("NHDOT") object on the basis that the deadline for filing supplemental record documents has passed and CLF has failed to show that further supplementation is warranted.[1]

---

[1] The case management order issued on April 27, 2006 (Doc. No. 12) set the deadline for filing any proposed supplement to the administrative record as May 25, 2006.

In the typical NEPA case, the reviewing court "looks first and foremost at the record before the agency" to determine whether the Environmental Impact Statement ("EIS") "is 'adequate' in light of the information and comments before the agency at the time it produced the Statement." Valley Citizens for a Safe Environment v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989). The administrative record generally "consists of all documents and materials directly or indirectly considered by the [decision-making] agency." Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993). Supplementation of the record "by affidavits, depositions, or other proof of an explanatory nature" may be appropriate where the record is inadequate to explain the agency's decision. Sierra Club v. Marsh, 976 F.2d 763, 772 (1st Cir. 1992) (quotation omitted). Extra-record evidence also may aid the court in determining whether "an EIS has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism under the rug." Or. Natural Res. Council v. Lowe, 109 F.3d 521, 526-27 (9th Cir. 1997) (quotation and ellipsis omitted); accord County of Suffolk v. Secretary of the Interior, 562 F.2d 1368, 1384 (2d Cir. 1977).

CLF previously sought to depose Ingham concerning his role in developing NHF&G's comments on the draft environmental impact statement ("DEIS"). CLF claims that Ingham's criticisms of the DEIS were "'swept under the rug' and hidden from the public's view in the EIS process."[2] Pl.'s Mem. of Law in Supp. of Mot. to Supplement R. at 4. I agree with defendants that CLF has not shown that Ingham's affidavit fits any recognized exception to the general rule against extra-record evidence. The affidavit does not help to explain the decision at issue here, nor does it bring to light any important matters that the FEIS ignored. See Valley Citizens, 886 F.2d at 460. As defendants correctly point out, the administrative record includes Ingham's comments on the DEIS and FHWA's response to them, as well as an internal NHDOT memorandum that acknowledges the alleged improper conduct. See AR at 24137-38, 24487, 26787-89. I thus conclude that supplementation of the record is not warranted.

---

[2] CLF also suggests that Ingham's testimony reveals improper conduct on the part of NHDOT, although CLF concedes that it has not made a "strong showing of bad faith or improper behavior." See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971).

     CLF submits an excerpt from the Loon Mountain FEIS in response to questions posed by the court concerning the differences between a private party and a governmental agency acting as the applicant in the EIS process.  Although I appreciate CLF's efforts in researching this issue, I do not find it appropriate to supplement the administrative record with documents that are not relevant to the decision at issue here. Instead, the parties can use documents that are already in the administrative record to analyze NHDOT's role under the relevant statutes and regulations.

     For the foregoing reasons, CLF's motion to supplement the record (Doc. No. 44) is denied.

     SO ORDERED.

                                 /s/Paul Barbadoro
                                 Paul Barbadoro
                                 United States District Judge

August 14, 2006

cc:  Counsel of Record